Herminio Felix CARLOS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76785.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jesiros D. Bautista, Law Offices of Jesiros D. Bautista, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Marie K. Mcelderry, Esq., Mark L. Gross, Esq., DOJ-U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Herminio Felix Carlos, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Lim v. INS,*

224 F.3d 929, 932 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's determination that, even taking petitioner's testimony as true, he failed to establish past persecution because he admitted that he was never physically harmed and that he received only one threatening letter. *See id.* at 936–37. Similarly, substantial evidence supports the IJ's determination that petitioner's fear is not well-founded because he testified that the threat against him was not fulfilled, he continued to live in the Philippines for three years after he received the letter, and his family lives undisturbed in the Philippines and no longer receives telephone calls asking about him. *See Singh v. INS,* 134 F.3d 962, 969 (9th Cir.1998).

We do not consider petitioner's contentions regarding withholding of removal because he failed to offer any argument that he was eligible. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

We lack jurisdiction to consider petitioner's contentions regarding the agency's denial of voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

**PETITION FOR REVIEW DENIED**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.